UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THOMAS E. YOAKUM, and <br> DONNA L. YOAKUM, <br><br>       **Plaintiffs,** <br><br> v. <br><br> W. SILOAM SPRINGS, OKLAHOMA <br> and SSFD SILOAM SPRINGS, <br> ARKANSAS, <br><br>       **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 06-CV-0266-CVE-PJC <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**OPINION AND ORDER**

Now before the Court is Siloam Springs Fire Department's Motion to Dismiss the Amended Complaint (Dkt. # 29). Plaintiffs, appearing pro se, filed an amended complaint (Dkt. # 27) on April 5, 2007,[1] alleging that defendants permitted their son to drown instead of rescuing him. The facts alleged in the complaint are as follows:

> On may [sic] 21, 2000, rescue wkrs were called to a drowning accident, where they stood laughing and talking for 30 minutes before trying to save the childs [sic] life. As of April 2002, new evidence has surfaced that will show willfull and malicious neglence [sic] on the part of the rescue workers.

Dkt. # 27, at 2. Defendant Siliam Springs Fire Department ("SSFD") filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that the statute of limitations has run and that SSFD has been granted statutory tort immunity under the laws of Oklahoma and Arkansas. The Court finds that the motion should be granted.

---

[1]  The original complaint (Dkt. # 2) was filed on May 19, 2006.

**I.**

When reviewing a motion to dismiss under Rule 12(b)(6), the Court must construe the allegations of the complaint as true and view the allegations in the light most favorable to the nonmoving party. Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). The Tenth Circuit has referred to dismissal under Rule 12(b)(6) as a "harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." Moore v. Guthrie, 438 F.3d 1036, 1040 (10th Cir. 2006) (citing Duran v. Carris, 238 F.3d 1268, 1270 (10th Cir. 2001)). A Rule 12(b)(6) motion "should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Sutton v. Utah State School for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999).

**II.**

Although plaintiffs state that they bring their complaint based on a breach of contract theory, see Dkt. # 27, at 2, it is quite clear from the facts alleged that the proper theory of recovery is wrongful death. A wrongful death suit is based on defendant's alleged wrongful act or neglect that caused the death at issue. See OKLA. STAT. tit. 12, § 1053. This is precisely what plaintiffs allege in their amended complaint. Thus, the Court will treat plaintiffs' claim as based on a wrongful death theory, not a breach of contract theory.

Under Oklahoma law, the statute of limitations for a wrongful death action is two years. OKLA. STAT. tit. 12, § 1053(A). According to the amended complaint, plaintiffs' son died on May 21, 2000. Thus, the statute of limitations ran on May 21, 2002. Plaintiffs argue that they received "new evidence" on April 3, 2002 concerning their wrongful death. See Dkt. # 27, at 2. Even

assuming arguendo that the statute of limitations did not being to run until plaintiffs had discovered this "new evidence," the statute of limitations ran in 2004. Because the statute of limitations has run, plaintiffs' claim should be dismissed. The Court need not address the issue of statutory tort immunity.

Further, because plaintiffs bring the same claims against defendant West Siloam Springs, State of Oklahoma, the Court sua sponte dismisses those claims based on the statute of limitations. The Tenth Circuit has held that a district court may dismiss sua sponte a complaint for failure to state a claim. Whitney v. New Mexico, 113 F.3d 1170, 1173 (10th Cir. 1997); McKinney v. Oklahoma, 925 F.2d 363, 365 (10th Cir. 1991). Sua sponte dismissal is appropriate only where it is "'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing [them] an opportunity to amend [their] complaint would be futile." McKinney, 925 F.2d at 365. Here, even construing plaintiffs' amended complaint liberally, as the Court is required to do, it finds that plaintiffs have failed to state a claim upon which relief can be granted. Providing plaintiffs with another opportunity to amend the complaint would be futile. Therefore, in addition to granting Siloam Springs Fire Department's motion to dismiss, the Court sua sponte dismisses plaintiffs' claims against West Siloam Springs, Oklahoma.

**IT IS THEREFORE ORDERED** that Siloam Springs Fire Department's Motion to Dismiss (Dkt. # 29) is hereby **granted**. The Motion to Dismiss (Dkt. # 23) filed by defendant Siloam Springs Fire Department is **moot**.

**IT IS FURTHER ORDERED** that the Court hereby sua sponte **dismisses** plaintiffs' claims against West Siloam Springs, Oklahoma. This action is hereby **terminated**.

**DATED** this 2nd day of May, 2007.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT